Nov. Term,
1848.

SMITH
v.
MOORE.

---

ı SMITH *v.* MOORE.

Debt, commenced by plaintiff by a writ of domestic attachment. Declaration in debt for work and labor. Pleas, 1st. *Non-assumpsit ;* 2d. *Actio non*, because he says he was, at the time of suing out the attachment, a married man ; that he and wife were *bona fide* residents of said county, and had been for a long space of time, up to the time of suing out the writ. *Held*, that the first plea is bad in substance, and not adapted to the nature of the action. The second plea is bad as a plea in bar, because the subject matter in it is only in abatement ; and it is bad as a plea in abatement by not being sworn to.

*Wednesday,*
*December 6.*

ERROR to the *Cass* Circuit Court.

BLACKFORD, J.—This was an action of debt, commenced by the plaintiff in error by a writ of domestic attachment. The writ is as follows :

" The state of *Indiana*, to the sheriff of *Cass* county,

greeting: Whereas, *Adam Smith* has made oath before me, *John B. Duret*, clerk of the *Cass* Circuit Court, that *Orlando D. Moore*, of said county, is about secretly to leave this state with intent to delay and defraud him, the said *Adam Smith*, and that the said *Orlando D. Moore*, is justly indebted to the said *Adam Smith* in the sum of 141 dollars for work and labor, &c., you are, therefore, commanded," &c.

A declaration in debt, in the usual form, for work and labor, &c., was filed.

The defendant appeared to the action, and pleaded two pleas:

First—The defendant did not assume, undertake, and promise, in manner and form, &c.

Secondly—The defendant says *actio non*, because he says that he was, at the time of suing out the attachment, a married man, and that his wife and he were *bona fide* residents and settled within said county of *Cass*, where their usual place of residence had been for a long space of time before and up to the time of issuing said attachment, and this he is ready to verify, wherefore he prays judgment.

Special demurrer to the first plea, because it is the general issue in assumpsit, when the action is in debt.

General demurrer as follows to the second plea: And as to the plea secondly above pleaded, the plaintiff says that the same is not good and sufficient in law, and this he is ready to verify, wherefore he prays judgment.

The demurrers were overruled, and judgment rendered for the defendant.

The first plea is bad in substance; it not being adapted to the nature of the action. 1 Chitt. Pl. 552.

The second plea commences as a plea in bar; but the subject-matter of the plea is in abatement. It concludes by praying judgment, but without saying what kind of judgment.

The demurrer to the second plea, also, concludes by merely praying judgment. It does not, as a demurrer to a plea in abatement, pray judgment that the defendant

Nov. Term,  answer further; nor does it, as a demurrer to a plea in
1848.      bar, pray judgment for the debt.

WILLIAMS        If the second plea be viewed as a plea in bar, it is bad,
v.        because the subject-matter of it is only in abatement.   If
RANK.     it be viewed as a plea in abatement, it is bad, for not be-
ing sworn to, if for no other reason.

The pleas being both bad, the judgment for the defend-
ant, on the demurrers, is erroneous.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded, &c.

*H. P. Biddle,* for the plaintiff.

*J. A. Wright,* for the defendant.